UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

LUXOTTICA GROUP S.p.A., an
Italian corporation,

       Plaintiff,

vs.

LUXAGE GROUP, INC., a
Pennsylvania corporation d/b/a
LUXURY BAZAAR, and
ROMAN SHARF, individually,

       Defendants.
_____/

## COMPLAINT

Plaintiff, Luxottica Group S.p.A., through undersigned counsel, files this Complaint against Defendants LuxAge Group, Inc. d/b/a Luxury Bazaar and Roman Sharf (collectively, "Defendants"), and alleges:

## INTRODUCTION

1. This lawsuit arises from the violation of the intellectual property rights of Luxottica Group by Defendants' ongoing and promotion and sale of sunglasses bearing counterfeits of Luxottica Group's Ray-Ban trademarks (the "Counterfeit Merchandise"). Defendants have been advertising, offering for sale and selling Counterfeit Merchandise through their own e-commerce website (www.luxurybazaar.com) and via their online retail storefront on eBay.com. Through this action, Luxottica Group seeks to enjoin Defendants' counterfeiting activities and to protect unknowing consumers from purchasing Counterfeit Merchandise.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the parties and over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it involves a claim arising under the Lanham Act.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since they directly target business activities toward consumers in Florida and caused harm to Luxottica Group's business within this Judicial District. Defendants have targeted sales to Florida residents by operating a fully interactive and commercial website (www.luxurybazaar.com) that allow Florida residents to purchase Counterfeit Merchandise within the State of Florida. Defendants are committing tortious acts in Florida, are engaging in interstate commerce and have wrongfully caused Luxottica Group substantial injury in the State of Florida.

## PARTIES

4. Plaintiff, Luxottica Group S.p.A. ("Luxottica Group") is an Italian corporation with its principal place of business in Milan, Italy.

5. Defendant, Luxage Group, Inc. ("Luxury Bazaar") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Southampton, Pennsylvania. Luxage Group, Inc. operates its business under the fictitious name "Luxury Bazaar". As alleged herein, Luxury Bazaar is directly engaging in the promotion and sale of Counterfeit Merchandise within this Judicial District. According to its website, Luxury Bazaar has been in business since 2005 and generates more than $118 million in sales per year through its wholesale and retail divisions.

6. Defendant, Roman Sharf ("Sharf") is an individual residing in Pennsylvania. Sharf is the President and an employee of Luxury Bazaar, and the conscious and moving force behind Luxury Bazaar's operations.

**FACTUAL ALLEGATIONS**

A. **The World-Famous Luxottica Brands and Products**

7. Luxottica Group is engaged in the manufacture, marketing and sale of premium, luxury and sports eyewear throughout the world. Luxottica Group's proprietary brands include Ray-Ban, the world's most famous sun eyewear brand, as well as Oakley, Vogue Eyewear, Persol, Oliver Peoples, Alain Mikli and Arnette, among others.

8. Through its affiliates and subsidiaries, Luxottica Group operates over 7,000 optical and sun retail stores, including LensCrafters, Pearle Vision and ILORI in North America, OPSM and Laubman & Pank in Asia-Pacific, LensCrafters in China, GMO in Latin America and Sunglass Hut worldwide.

9. Luxottica Group's Ray-Ban products are distributed and sold through its optical and sun specialty retail stores, authorized retail and department stores, and via its various websites, including www.ray-ban.com, throughout the United States, including Florida.

10. Luxottica Group has used a variety of legally protected trademarks for many years on and in connection with the advertisement and sale of its Ray-Ban products, including but not limited to those detailed in this Complaint.

11. Luxottica Group has expended substantial time, money, and other resources in developing, advertising, and otherwise promoting the Ray-Ban trademarks. As a result, products bearing the Ray-Ban trademarks are widely recognized and exclusively associated by consumers,

the public, and the trade as being high quality products sourced from Luxottica Group, and have acquired strong secondary meaning.

12.     Luxottica Group is the owner of the following United States Federal Trademark Registrations (collectively, the "Ray-Ban Trademarks"):

| **Registration Number** | **Trademark** | **Good and Services** |
|---|---|---|
| 650,499 | Ray-Ban | For: sunglasses, shooting glasses and ophthalmic lenses in class 9. |
| 1,093,658 | Ray-Ban | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles and goggles; and cases and other protective covers for sunglasses, eyeglasses, spectacles in class 9. |
| 1,726,955 | Ray-Ban | For: cloths for cleaning ophthalmic products, in class 21. |
| 1,080,886 | RAY-BAN | For: ophthalmic products and accessories – namely, sunglasses; eyeglasses; spectacles; lenses and frames for sunglasses, eyeglasses, spectacles in class 9. |
| 1,320,460 | Ray-Ban (circular seal logo) | For: sunglasses and carrying cases therefor, in class 9. |
| 3,522,603 | Ray-Ban (red box logo) | For: sunglasses, eyeglasses, lenses for eyeglasses, eyeglasses frames, cases for eyeglasses in class 9. |

| | | |
|---|---|---|
| 1,511,615 | LUXOTTICA ☆☆ | For: eyeglasses, sunglasses, temples and eyeglass frames in class 9. |
| 2,971,023 | RB | For: sunglasses, eyeglasses, eyeglass lenses in class 9. |
| 590,522 | G-15 | For: Sunglasses and ophthalmic lenses, in class 9. |

13. Luxottica Group has long been manufacturing and selling in interstate commerce eyewear under the Ray-Ban Trademarks.[1] These registrations are valid and subsisting and the majority are incontestable.

14. The registration of the Ray-Ban Trademarks constitutes *prima facie* evidence of their validity and conclusive evidence of Luxottica Group's exclusive right to use the Ray-Ban Trademarks in connection with the goods identified therein and other commercial goods.

15. The registration of the Ray-Ban Trademarks also provides constructive notice to Defendant of Luxottica Group's ownership and exclusive rights in the Ray-Ban Trademarks.

16. The Ray-Ban Trademarks qualify as famous marks, as that term is used in 15 U.S.C. § 1125(c)(1).

17. The Ray-Ban Trademarks at issue in this case have been continuously used in interstate commerce and have never been abandoned.

---

[1] All registrations originally held in the name of Luxottica Group's predecessor's owner of the Ray-Ban Trademarks, Bausch and Lomb, were assigned in full to Luxottica Group in 1999.

**B.      Defendants' Counterfeiting Activities**

18.     According to Defendants' website, Luxury Bazaar is the "ultimate online portal for luxurious high-end watches, jewelry and accessories with a specialization in high-end timepieces". Luxury Bazaar also guarantees the authenticity of its products, stating on its website:

> *[W[e are so confident in our guarantees of authenticity that we will refund DOUBLE the purchase price if you get something from us that is proven to be a fake.*

19.     On November 18, 2021, Luxottica Group's investigator purchased five pair of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks for $89.00 each, from Luxury Bazaar's website. Photographs of the counterfeit sunglasses and accessories purchased on November 18, 2021, are depicted below.











**ROSEMBERG LAW**
Beacon Tower of Aventura, Suite 602 | 20200 W. Dixie Hwy., Aventura, Florida 33180 | 305.602.2008



20.     On December 6, 2021, Luxottica Group's investigator purchased seven pair of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks for the total purchase price of $608.00 from Luxury Bazaar's website.  Photographs of the counterfeit sunglasses and accessories purchased on December 6, 2021 that were shipped by Defendants to Florida, are depicted below:















**ROSEMBERG LAW**
Beacon Tower of Aventura, Suite 602 | 20200 W. Dixie Hwy., Aventura, Florida 33180 | 305.602.2008

 

21. On December 6, 2021, Luxottica Group's investigator purchased three pair of sunglasses bearing counterfeits of one or more of the Ray-Ban Trademarks for the price of $99.99 and $89.95, respectively, from Luxury Bazaar's online storefront "luxurybazaar" on eBay.com. Photographs of the counterfeit sunglasses and accessories purchased on December 6, 2021, that were shipped by Defendants to Florida, are depicted below:

 

**ROSEMBERG LAW**
Beacon Tower of Aventura, Suite 602 | 20200 W. Dixie Hwy., Aventura, Florida 33180 | 305.602.2008



22.  Luxottica Group subsequently inspected items that were purchased from Defendants and determined that the Ray-Ban marks affixed to the sunglass frames, lenses, and related accessories are either incorrect or inconsistent with the Ray-Ban Trademarks found on similar products and items bearing authentic Ray-Ban Trademarks.

23.  Luxottica Group further determined that the items purchased from Defendants bore reproductions of Luxottica Group's Ray-Ban Trademarks were in fact counterfeit products that infringed one or more of the Ray-Ban Trademarks.

24.  Defendants have no license, authority or permission from Luxottica Group to use the Luxottica Group's Ray-Ban Trademarks in connection with the advertising, distribution, offering for sale and sale of the Counterfeit Merchandise.

25. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing that the Counterfeit Merchandise offered for sale and sold by Defendants is authentic or authorized products of Luxottica Group.

26. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

27. Defendants are well-aware of the extraordinary fame and strength of the Ray-Ban brand, the Ray-Ban Trademarks, and the incalculable goodwill associated therewith.

28. Defendant Sharf was directly involved in approving the purchase and sale of the Counterfeit Merchandise, and therefore he was a direct participant in the infringing activities alleged herein.

29. Defendant Sharf materially participated, contributed to and facilitated the above-described infringement of the Luxottica Group's Ray-Ban Trademarks by having permitted the offering for sale and the sale of Counterfeit Merchandise by Luxury Bazaar through (i) his knowledge of the offering for sale and the sale of the Counterfeit Merchandise, (ii) his constructive knowledge of the offering for sale and the sale of the Counterfeit Merchandise or, alternatively, (iii) his willful blindness to the offering for sale and the sale of the Counterfeit Merchandise.

30. At all relevant times, Defendant Sharf had and continues to have the right and ability to supervise the infringing conduct of Luxury Bazaar and has a direct financial interest in the infringing conduct; however, he continued to act with reckless disregard and willful blindness, effectively condoning Luxury Bazaar's unlawful activities.

31. Defendants' knowing and deliberate hijacking of Luxottica Group's famous Ray-Ban Trademarks, and sale of Counterfeit Merchandise has caused, and continues to cause, substantial and irreparable harm to Luxottica Group's goodwill and reputation. In addition, the damage caused by Defendants is especially severe because the Counterfeit Merchandise is inferior in quality to products bearing authentic Ray-Ban Trademarks.

32. The harm being caused to Luxottica Group is irreparable and Luxottica does not have an adequate remedy at law. Luxottica Group therefore seeks the entry of an injunction preventing the sale of Counterfeit Merchandise by Defendants.

33. Luxottica Group also seeks damages as a result of Defendants' knowing, deliberate and willful disregard of the activities infringing Luxottica Group's Ray-Ban Trademarks.

## COUNT I
### Trademark Counterfeiting
### (15 U.S.C. § 1114)

34. Luxottica Group repeats and realleges the allegations set forth in Paragraphs 1 through 33 above.

35. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of one or more of the Ray-Ban Trademarks.

36. Defendants have advertised, distributed, offered for sale and sold merchandise bearing counterfeits of one or more of the Ray-Ban Trademarks without Luxottica Group's permission.

37. Defendants' actions are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public, and the trade into believing

that Counterfeit Merchandise offered for sale and sold by Defendants is authentic or authorized product of Luxottica Group.

38. Defendants' activities, as described above, are likely to create a false impression and deceive consumers, the public, and the trade into believing that there is a connection or association between the Counterfeit Merchandise and Luxottica Group.

39. Defendants directly and willfully infringed Luxottica Group's Trademarks under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, Luxottica Group S.p.A. respectfully requests that this Court enter judgment in its favor and against Defendants Luxage Group, Inc. and Roman Sharf, jointly and severally, as follows:

A. Finding that: Defendants have violated Section 32 of the Lanham Act (15 U.S.C. §§ 1114 and 1125);

B. Granting an injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure, 15 U.S.C. § 1116, and 17 U.S.C. § 502, preliminarily and permanently restraining and enjoining Defendants, including their agents, employees, and all those persons or entities in active concert or participation with it from:

1. importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling any products which bear Ray-Ban Trademarks, or any other mark or design element substantially similar or confusing thereto, including, without limitation, the Counterfeit Merchandise, and engaging in any other activity constituting an infringement of any of Luxottica Group's rights in the Ray-Ban Trademarks;

        2.      engaging in any other activity constituting unfair competition with Luxottica Group, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of any trademark, service mark, name, logo, design and/or source designation associated with the Ray-Ban Trademarks.

    C.    Requiring Defendants to file with this Court and serve on Luxottica Group within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

    D.    Directing such other relief as the Court may deem appropriate to prevent consumers, the public, and/or the trade from deriving any erroneous impression that any product at issue in this action that has been advertised, marketed, promoted, supplied, distributed, offered for sale, or sold by Defendants, has been authorized by Luxottica Group, or is related in any way with Luxottica Group and its products;

    E.    Awarding Luxottica Group statutory damages for willful trademark counterfeiting in accordance with Section 35 of the Lanham Act (15 U.S.C. § 1117);

    F.    Awarding Luxottica Group its costs, investigatory fees, and expenses;

    G.    Awarding Luxottica Group pre-judgment interest on any monetary award made part of the judgment against Focus Camera; and

    H.    Awarding Luxottica Group such additional and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Luxottica Group requests a trial by jury in this matter.

Dated this 14th day of February 2022

                Respectfully submitted,

                By: /s/ David B. Rosemberg
                David B. Rosemberg, P.A. (0582239)
                david@rosemberglaw.com
                **ROSEMBERG LAW**
                20200 W. Dixie Hwy., Suite 602
                Aventura, Florida 33180
                Telephone: 305.602.2008
                Facsimile:   305.602.0225

                *Counsel for Luxottica Group S.p.A.*

4893-7024-8715, v. 1